UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS JAIME,

                Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION; SULLIVAN CORRECTIONAL FACILITY; OFFICER WILSON,

                Defendants.

24-CV-4091 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at Upstate Correctional Facility and proceeding *pro se*, brings this action under 42 U.S.C. § 1983. He asserts claims that arose in April 2024 in Sullivan Correctional Facility. By order dated June 21, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are from Plaintiff's complaint. On April 5, 2024, at 12:56 p.m., Officer Wilson opened the "slot" on Plaintiff's cell door and asked him to sign for delivery of his items from the commissary. (ECF 1 at 5.) Plaintiff asked her to come inside his cell because he

was "medically impaired" and could not walk. (*Id.*) Officer Wilson said no, and eventually left without leaving him his commissary box. (*Id.*)

The day before the commissary delivery, on April 4, 2024, Officer Wilson had directed Plaintiff "to comply [with] a search." (*Id.*) Plaintiff told Officer Wilson that he could not walk, but she "was deliberately indifferent to [his] serious injuries." (*Id.*) He states that his injuries are "pain on righ[t] leg, right ankle," and "upper bod[y] pain." (*Id.*)

Plaintiff brings this suit against the New York State Department of Corrections and Community Supervision (DOCCS), Sullivan Correctional Facility, and Officer Wilson. He asserts claims for deliberate indifference in violation of his rights under the Eighth Amendment, and claims for "harassment" and "bias" on the ground that Officer Wilson "does not believe [his] disabilities." (*Id.* at 3.) He also contends that he has been denied "minimum standards." (*Id.* at 4.) Plaintiff seeks $500 million in damages and unspecified injunctive relief.

## DISCUSSION

### A.   Eighth Amendment Claim against Correction Officer Wilson

The Eighth Amendment to the United States Constitution protects convicted prisoners against deliberate indifference to conditions that pose a substantial risk of serious harm. Such claims include an objective component and a subjective component. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component requires a prisoner to "show that the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (internal quotation marks and citation omitted). This standard "contemplates a condition of urgency, such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be

a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain" (internal quotation marks and citation omitted)).

The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). That is, the prisoner must state facts showing that the defendant possessed "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Liability attaches when officials engage in a "'deliberate infliction of punishment, and not an ordinary lack of care for prisoner interests or safety.'" *Hurd v. Fredenburgh*, 984 F.3d 1075, 1085 (2d Cir. 2021) (*Francis v. Fiacco*, 942 F.3d 126, 130 (2d Cir. 2019)).

Here, Plaintiff asserts that Defendant Wilson was deliberately indifferent to a serious risk of harm to him during two incidents: (1) she refused to enter his cell and required him to come to the cell door to sign for his commissary box; and (2) she told him that he "had to comply to a search," even though he said that he "can't walk." (ECF 1 at 5.) These allegations do not include facts sufficient to show that Plaintiff faced an objectively serious risk of harm. Nothing in the complaint suggests that Wilson's non-delivery of Plaintiff's commissary box posed an objectively serious risk of harm to Plaintiff. He also does not allege any facts about what Defendant Wilson required him to do to comply with the search that posed an objectively serious risk of harm to him. Moreover, even if Defendant Wilson had required Plaintiff to do something that posed a risk of serious harm, he does not allege facts showing that she had a sufficiently culpable state of mind; there are no allegations, for example, about what information Defendant Wilson knew about the nature and extent of Plaintiff's injuries. Plaintiff's allegations that Defendant Wilson did not believe that he was injured are insufficient to plead that Defendant

4

Wilson acted with a sufficiently culpable state of mind. Plaintiff thus fails to state a Section 1983 claim against Defendant Wilson for deliberate indifference to a serious risk of harm to him.

B.      **Claims against New York State DOCCS and DOCCS facility**

Plaintiff sues the New York State DOCCS and and one of its state correctional facilities (Sullivan Correctional Facility) under Section 1983. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. DOCCS and its facilities are state entities that share in New York's Eleventh Amendment immunity. *See, e.g.*, *Cox v. (DOCCS) NYS Dep't of Corr.*, 673 F. Supp. 3d 174, 184 (N.D.N.Y. 2023) ("[T]he Eleventh Amendment bars suits for money damages against DOCCS.").

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against DOCCS and Sullivan Correctional Facility are therefore barred by the Eleventh Amendment and are dismissed.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill*, 657 F.3d at 123-24; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   November 13, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge